# Kline *versus* McKee.

*Jurisdiction of justices as to claim founded on judgment of another justice.*

46      519<br>19 SC  480

A justice of the peace has no jurisdiction of a cause of action founded on the judgment of another justice, except as prescribed by the Act of 1810; he cannot therefore set-off a judgment of another justice against one on his own docket, and enter judgment for the balance.

ERROR to the Common Pleas of *Northumberland county*.

The error assigned in this case was the allowing one judgment to be set off against another, under the following circumstances:—

Gabriel Kline brought an action for slander in the Common Pleas of Northumberland county against George C. McKee to November Term 1859, No. 58. The case was tried on the 14th of August 1861, and a verdict rendered for plaintiff for $218.33, and on the same day judgment was entered on the verdict.

Kline had also a judgment on the docket of A. Nye, a justice of the peace in Northumberland county, against McKee for $10. McKee purchased, or had assigned to him, a judgment against Kline in favour of G. J. & F. Piper, on the docket of Esquire Irvin, for $59.66, produced a transcript of this judgment before Nye, and obtained a rule on Kline to show cause why so much of this judgment should not be set off as would satisfy the judgment of Kline against him for $10, which rule was made absolute. The justice made the set-off, and made a calculation of the balance, and entered it on his docket as "balance due the defendant." A copy of this docket entry was then entered in the Common Pleas of Northumberland county, No. 183, August

[Kline *v.* McKee.]

Term 1861, and a rule granted by the court on Kline to show cause why it should not be set off against Kline's judgment for damages in slander, which rule was made absolute by the court, and is the error complained of by plaintiff in error.

*C. W. Tharp* and *G. F. Miller*, for plaintiff in error.

The counsel for defendant presented no printed argument.

The opinion of the court was delivered, February 25th 1864, by STRONG, J.—Without pausing to inquire what authority there was for setting off the judgment against Kline, on the docket of Justice Irwin, against the judgment on the docket of Justice Nye, it is quite plain that the latter-named magistrate had no right to give judgment for the excess against the plaintiff. He had no jurisdiction of a cause of action founded upon the judgment of another magistrate, except as prescribed by the Act of Assembly of 1810, in case of the death or removal of the justice who gave the judgment: 17 S. & R. 369; Ellsworth *v.* Barstow, 7 Watts 314. It required a new Act of Assembly to give justices jurisdiction over actions brought on the judgments of justices in other states: Act 27th February 1845, P. L. 73. Nor does the docket of Esquire Nye show any judgment against the plaintiff by him rendered. He states a balance due upon the judgment in Esquire Irwin's docket, but he could not, and it does not appear that he did, enter a judgment against the plaintiff for that balance. When, therefore, a transcript was taken and filed in the Common Pleas, it exhibited nothing which justified an equitable set-off of judgments. For aught that appears, execution might be enforced now of the judgment obtained before Justice Irwin.

The order of the court directing the set-off to be made is reversed, and the record is remitted.

THOMPSON, J., dissented.